ALLEN B. PALMER *vs.* JOHN CROSBY & another.

After the introduction of evidence tending to show a sale of cattle, and the subsequent employment of an agister by the seller at the buyer's request, the written receipt then given for them by the agister is competent evidence of the sale and delivery.

An execution issued on a judgment of a justice of the peace, which is signed by him as justice of the peace, but recites that the judgment was recovered before him as " trial justice " (when there is no statute in force creating such an office) and accidentally omits the initial of the debtor's middle name, is void.

ACTION OF TORT for the conversion of a pair of steers. The answer denied the plaintiff's property ; and also alleged that the steers were taken by Crosby as deputy sheriff on an execution in favor of Noxon, the other defendant, against Samuel L. Deering.

At the trial in the court of common pleas at October term 1857 before *Mellen,* C. J., the plaintiff introduced evidence tending to show that he had purchased the steers of Deering, and that Deering at his request employed Ira Smith to pasture them for the plaintiff; and then offered, in support of this and as a part of said transaction, the written receipt given to Deering by Smith in the plaintiff's name before the taking by the defendants. But the judge excluded it.

The defendants offered in evidence a judgment recovered in 1855 by Noxon against Samuel L. Deering, before Rodney Hill, a justice of the peace for this county ; and the original execution issued thereon, which was signed by Hill as " justice of the peace," but purported to be against " Samuel Deering," and

recited that judgment had been recovered " before Rodney Hill Esquire, one of the trial justices " for this county, and upon which the officer returned that he had sold the steers. The plaintiff did not pretend that there was any other person of the name of Samuel Deering, and admitted that the omission of the letter L. was a clerical error, but contended that this mistake and the insertion of the words " trial justice " rendered the execution and the proceedings under it invalid. But the court overruled the objection, and admitted the execution in evidence.

A verdict was returned for the defendants, and the plaintiff alleged exceptions.

*J. Price*, for the plaintiff.

*I. Sumner*, for the defendants. 1. The evidence in regard to the receipt was inadmissible and rightly rejected.

2. The execution was merely used as a piece of evidence, and proved the substance of the defence, and is not invalidated by the inaccuracies of language. *Commonwealth* v. *Henry*, 7 Cush. 512. *Chappell* v. *Congdon*, 18 Pick. 257. *Colburn* v. *Downes*, 10 Mass. 20. *Arnold* v. *Arnold*, 8 Mass. 147. *Bell* v. *Scott*, 3 Missouri, 212. Besides; any variance was cured by the facts conceded at the trial.

Thomas, J. 1. The receipt should have been admitted as evidence of the delivery of the property. It was also competent as part of the transaction of sale.

2. The execution under which the defendants justified recited the judgment to have been recovered before Rodney Hill as a " trial justice " against " Samuel Deering." The plaintiff objected to its admission ; but the objection was overruled. The execution should have been excluded. It purports to be on a judgment recovered before a tribunal which then had no existence ; for the *St.* of 1850, *c.* 314, had been repealed by *St.* 1851, *c.* 328 ; and the *St.* of 1858, *c.* 138, had not been passed. It was an impossible judgment. The execution was bad upon its face, and gave no authority to the officer to seize the property.

Whether the fact that the execution was against Samuel Deering instead of Samuel L. Deering would be fatal of itself, it is not necessary to inquire. *Exceptions sustained.*